# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES MUNSON, #N95249, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–02216−SMY |
| | ) | |
| FAIYAZ AHMED and | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James Munson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Lawrence. Plaintiff alleges that the defendants denied him adequate medical care for testicular nodules, osteoarthritis pain, a herniated disc, bone degeneration, and a cold, and asserts an Eighth Amendment claim against them. (Doc. 1, pp. 1-84). He seeks money damages, proper medical treatment, and a "full-body" MRI.[1] (Doc. 1, p. 13).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails

---

[1] As Plaintiff does not request interim relief in the form of a temporary restraining order or preliminary injunction or refer to Rule 65 of the Federal Rules of Civil Procedure, the Court interprets his request for medical testing and treatment as a request for relief at the close of the case. If Plaintiff seeks more immediate relief, he should file a separate motion for temporary restraining order and/or preliminary injunction pursuant to Rule 65(a) and (b) and should describe the exact relief he seeks and the facts that support his request for said relief.

to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives screening under the standard.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-12): Doctor Ahmed and Wexford Health Sources, Inc. ("Wexford") have denied Plaintiff adequate medical care for testicular nodules, osteoarthritis pain, a herniated disc, bone degeneration, and a cold since 2017. Plaintiff has repeatedly sought a diagnosis and treatment for these conditions, but Doctor Ahmed has routinely denied his requests. The doctor responded to Plaintiff's complaints of bleeding testicular nodules by assuring him that he was "fine," denying STD testing, and performing a painful biopsy without any numbing agent. (Doc. 1, pp. 4-5). The results of the biopsy remain a mystery.

Doctor Ahmed responded to Plaintiff's complaints of pain associated with osteoarthritis, bone degeneration, and a herniated disc by telling him to just "deal with the pain." (*Id.*). Plaintiff has been prescribed different medications for symptoms of pain and weakness in his right knee and left foot. Plaintiff's current medication (Cymbalta) controls the pain, but it also causes him to lose his balance. However, Doctor Ahmed will not provide an alternative pain medication. Doctor Ahmed also denied Plaintiff's requests for a referral to an orthopedic specialist and an MRI, based on Wexford's policy of denying expensive forms of treatment (including all requests for MRIs). Finally, Plaintiff complains of an untreated cold. (*Id.*).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two Counts:

| | |
|---|---|
| **Count 1:** | Eighth Amendment claim against Doctor Ahmed for responding to Plaintiff's complaints regarding his testicular nodules, osteoarthritis, herniated disc, degenerative bone disease and related pain with deliberate indifference since 2017. |
| **Count 2:** | Eighth Amendment claim against Wexford for its routine denial of expensive diagnostic tests (MRI) and treatments (referrals), which have prolonged Plaintiff's pain and suffering unnecessarily. |

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Discussion

The Eighth Amendment prohibits the cruel and unusual punishment of inmates, including deliberate indifference to serious medical conditions. U.S. CONST. amend. VIII. An Eighth Amendment claim based on the denial of medical care has an objective and a subjective component. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). The objective component requires an inmate to demonstrate that he suffers from an "objectively, sufficiently serious" medical condition. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Plaintiff's undiagnosed and untreated testicular nodules, osteoarthritis, herniated disc, degenerative bone disease and related pain are sufficiently serious to support an Eighth Amendment claim at screening. His cold, which he mentions only in passing, does not.

The subjective component requires an inmate to demonstrate that prison officials acted with deliberate indifference to his serious medical needs, which occurs when officials "know of

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). This includes any claims Plaintiff asserted under the Sixth and Twelfth Amendments. He vaguely alluded to violations of his rights under both amendments, but he offered no reason for bringing these claims and did not indicate who they are against.

and disregard an excessive risk to inmate health." *Greeno*, 414 F.3d at 653. A private medical corporation that employs medical providers to provide care at a prison may exhibit deliberate indifference through an unconstitutional policy or practice that causes a constitutional deprivation to occur. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)) (corporation cannot be liable on this basis alone because *respondeat superior* liability under § 1983). Here, Plaintiff's allegations support a viable deliberate indifference claim against Doctor Ahmed in Count 1 and Wexford in Count 2. Therefore, both claims survive screening and will receive further review.

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating test for recruiting counsel). Plaintiff has not demonstrated reasonable efforts to locate counsel on his own. He has merely listed attorneys he contacted without producing copies of his letters or any responses. Thus, it is unclear when Plaintiff contacted potential attorneys and whether he allowed sufficient time for them to respond before turning to the Court. In addition, Plaintiff has not demonstrated that he is unable to represent himself. He admittedly has "some education," but does not state how much. Plaintiff instead claims to lack knowledge of the Federal Rules of Civil Procedure and comprehension of the claims. But given the coherent pleadings filed to date and Plaintiff's experience as a seasoned litigant, the Court declines to recruit counsel on his behalf at this time. Plaintiff appears competent to represent himself. He may renew this request by filing another motion, if it becomes necessary to do so as the case proceeds.

Plaintiff's Motion for Service of Process (Doc. 4) is **DENIED** as unnecessary. The Court will order service as a matter of course in this Section 1983 case involving an indigent and unrepresented plaintiff.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against Defendant **AHMED**, and **COUNT 2** will proceed against Defendant **WEXFORD**. In addition, the Clerk of Court is **DIRECTED** to **ADD** the **WARDEN OF LAWRENCE CORRECTIONAL CENTER** (in his or her official capacity only) for the sole purpose of implementing any injunctive relief that is ordered.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **WARDEN OF LAWRENCE CORRECTIONAL CENTER (official capacity), FAIYAZ AHMED,** and **WEXFORD HEALTH SOURCES, INC.**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall

be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ALSO ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* application was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 3/23/2019**

s/ STACI M. YANDLE
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**