IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES MUNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-2216-DWD |
| | ) | |
| FAIYAZ AHMED, | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| and WARDEN OF LAWRENCE | ) | |
| CORRECTIONAL CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this matter, Plaintiff James Munson proceeds on two Eighth Amendment claims against Defendants Dr. Faiyaz Ahmed and Wexford Health Sources, Inc. related to his medical treatment for testicular nodules, osteoarthritis pain, a herniated disc, bone degeneration, and a cold (Doc. 1; Doc. 8).  Now before the Court are three motions filed by Plaintiff: Motion for Physical and Mental Examinations (Doc. 57), Motion to Compel Discovery (Doc. 59), and Second Motion to Reconsider (Doc. 60).  For the reasons below, Plaintiff's Motions will be denied.

## Motion for Physical and Mental Examinations

By his Motion for Physical and Mental Examinations (Doc. 57), Plaintiff seeks to compel a "full body" MRI pursuant to Federal Rule of Civil Procedure 35.  Plaintiff wants to determine "whether or not his arthritis, bone degeneration and herniated disk has advance[d] and what course of treatment will eliminate or treat [his] constant chronic

pain." Plaintiff further asks to be examined by a provider with no connections to Defendant Wexford. Fed. R. Civ. P. 35 provides:

(a) ORDER FOR AN EXAMINATION.
(1) *In General.* The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
(2) *Motion and Notice; Contents of the Order.* The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

However, Rule 35 does not authorize this Court to appoint an expert to examine a party wishing an examination of himself. *Brown v. United States*, 74 Fed. Appx. 611, 614-15 (7th Cir. 2003) ("Rule 35 of the FRCP does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Rather, under appropriate circumstances, it would allow the court to order a party to submit to a physical examination at the request of an opposing party."). Accordingly, Rule 35 cannot provide Plaintiff with the relief he requests.

Moreover, in denying Plaintiff's Motion for Expert Witness (See Order at Doc. 70), the Court reasoned:

The central issue presented by the Complaint is whether Dr. Ahmed exhibited deliberate indifference toward Mr. Munson and his conditions related to his pain. Given that the issues presented are narrowly tailored to a "deliberate indifference" claim, and do not involve more complex questions concerning medical diagnosis and judgment, expert testimony regarding the "proper standard of medical care" and whether a defendant negligently failed to meet the standard of care, is not relevant and, therefore, will not provide assistance to the trier of fact. Further, even

2

> without such expert testimony, a lay fact finder should be able to discern whether Mr. Munson's alleged pain, bleeding and weakness were "objectively serious" and whether a defendant had subjective knowledge of, and then disregarded, a substantial risk of serious harm.

(Doc. 70, at p. 5).  As Plaintiff's deliberate indifference claims do not concern questions of the proper standard of medical care or Plaintiff's specific medical diagnosis, an additional medical examination of Plaintiff is unnecessary here, even if Rule 35 provided for such examination.  *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) ("Medical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview.  Such matters are questions of tort, not constitutional law.") (internal citations omitted).  Plaintiff's Motion (Doc. 57) is therefore **DENIED**.

### Motion to Compel Discovery

On August 19, 2020, Plaintiff filed his third Motion to Compel (Doc. 59) whereby he seeks to compel answers or documents related to: (1) Defendant Dr. Ahmed's personal medical records, and (2) Defendant Wexford's contract with the Illinois Department of Corrections and related documents. Plaintiff's request related to Defendant Ahmed's personal medical history will be denied.  Plaintiff argues that Dr. Ahmed shared statements concerning his personal experience with arthritis pain with Plaintiff. Therefore, Plaintiff wants to review Dr. Ahmed's medical records to verify the accuracy of these statements, and presumably determine whether Dr. Ahmed used his personal medical history in diagnosing and treating Plaintiff's arthritis.  However, Plaintiff's request to examine Defendant's personal medical records – when Defendant's health is

3

not at issue in this dispute – is not relevant to Plaintiff's claims for deliberate indifference and will not reasonably lead to discoverable information.

To succeed on his deliberate indifference claims, Plaintiff must establish that he has an "objectively serious medical condition" and that a prison official was subjectively aware of the condition and either "knowingly or recklessly disregarded it." *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008); *Greeno v. Daley*, 414 F.3d 645, 652-653 (7th Cir. 2005). A prisoner may also "establish deliberate indifference by demonstrating that the treatment he received was 'blatantly' inappropriate." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (internal citations omitted). "Making that showing is not easy: 'A medical professional is entitled to deference in treatment decisions unless 'no minimally competent professional would have so responded under those circumstances.'" *Id.* "Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Id.*; *in accord Snipes*, 95 F.3d at 592 (Generally, a prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim).

As the Court previously determined in denying Plaintiff's Motion for Expert Witness (*See* Order at Doc. 70), Plaintiff's deliberate indifference claims "do not involve more complex questions concerning medical diagnosis and judgment." (Doc. 70, at p. 5). As such, the question of whether Defendant Ahmed drew from his own medical history in exercising his medical judgment to diagnose and treat Plaintiff is irrelevant to Plaintiff's deliberate indifference claims which focus on whether Defendant Ahmed

4

knowing or recklessly disregarded Plaintiff's "objectively serious" injuries. Moreover, even if such information was relevant to Plaintiff's claims, unrestrained access into Defendant's medical history would not be reasonably calculated to lead to discoverable information.

Plaintiff also seeks to compel documents from Defendant Wexford related to its policies and procedures in treating inmates with the Illinois Department of Corrections. The documents at issue here appear to be the same documents at subject in Plaintiff's prior Motion to Compel at Doc. 52, which was denied by the Order at Doc. 69. Plaintiff argues that he has not received or viewed the documents Defendant disclosed in its discovery responses. In turn, Defendant states that it produced 336 pages of documents subject to the protective order at Doc. 49 (which prohibits Plaintiff from retaining any of the documents produced), but that Plaintiff refused to view the documents (Doc. 51; Doc. 62). In his Motion, Plaintiff does not proffer that he attempted to contact Defendant or Mr. Schoon (the litigation coordinator at Lawrence Correctional Center) to request an opportunity to again review these documents. Accordingly, Plaintiff has not complied with the mandates of Fed. R. Civ. P. 37(1) in resolving this issue.

Plaintiff's Motion to Compel Discovery (Doc. 59) is therefore **DENIED**. However, considering that the discovery deadline in this matter has now passed, the Court will permit Plaintiff one last opportunity to resolve this issue with Defendant Wexford and arrange for the review of the documents requested, if desired. Accordingly, the Court will extend the discovery deadline by 30-days, as further detailed below. *See* Fed. R. Civ.

P. 6(b)(1)(A) (The court may, for good cause, extend the time for when an act must be done).

### Second Motion to Reconsider

By his Second Motion to Reconsider, Plaintiff asks the Court to reconsider appointing counsel for Plaintiff.  Plaintiff's prior requests for counsel were denied on March 25, 2019 (Doc. 8), March 30, 2020 (Doc. 32), and June 15, 2020 (Doc. 46).  Plaintiff asks the Court to reconsider its prior denials, arguing that the case is no longer in its infancy and that Plaintiff is no longer getting assistance from the prison staff librarian. The Court construes Plaintiff's Motion as another request for counsel.

When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself.  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). The Court previously found that Plaintiff made a reasonable attempt to procure counsel on his own.  Nevertheless, the appointment of counsel is not warranted at this time.  Plaintiff's pleadings to date demonstrate an ability to articulate clearly and effectively, and they also reflect an understanding of the law. *See Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010).  This case involves straightforward claims that are not overly complex, and no exceptional circumstances appear to exist that would merit appointment of counsel at this time.  *Id.*  Accordingly, Plaintiff's Second Motion to Reconsider/Motion to Appoint Counsel (Doc. 60) is **DENIED without prejudice**. Plaintiff may move for recruited counsel again in the future, if necessary.

**<u>Other Matters</u>**

Also pending before the Court is a Motion to Withdraw filed by Attorney Jeanine Armstrong (Doc. 56).  Attorney Jeanine Armstrong seeks to withdraw as attorney for Defendant Dee Dee Brookhart, the Warden of Lawrence Correctional Center, stating that Assistant Attorney General Kyrstin B. Beasley will continue to represent Defendant Brookhart in this matter.  Attorney Armstrong's Motion (Doc. 56) is **GRANTED**. Attorney Jeanine Armstrong is **TERMINATED** as counsel of record for Defendant Warden of Lawrence Correctional Center.  The Clerk of the Court is **DIRECTED** to terminate Attorney Armstrong from the docket.

Finally, On August 18, 2020, Defendants filed their Joint Motion for Extension of Time (Doc. 58) to file dispositive motions.  Defendants request a 30-day extension on their deadlines following resolution of Plaintiff's pending discovery motions at Docs. 31, 52, 54, and 57.  As all discovery motions have now been resolved, the Court **GRANTS** Defendant's Motion (Doc. 58).  The Court hereby resets the following deadlines: Discovery must be completed by **April 16, 2021**.  Any dispositive motions must be filed on or before **May 17, 2021**.

SO ORDERED.

Dated:  March 16, 2021

_____
DAVID W. DUGAN
United States District Judge

7