IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MUNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-2216-DWD |
| | ) |
| FAIYAZ AHMED, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| and WARDEN OF LAWRENCE | ) |
| CORRECTIONAL CENTER, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DUGAN, District Judge:**

Now before the Court are two motions filed by Plaintiff James Munson on March 25, 2021. By his Motion to Reconsider (Doc. 72), Plaintiff asks the Court to reconsider its Order at Doc. 71 denying Plaintiff's Motion to Compel (Doc. 59), and order Defendant Faiyaz Ahmed to answer four requests for admission concerning Defendant Ahmed's personal medical history. By his Motion for Request of Additional Interrogatories (Doc. 73), Plaintiff seeks leave to serve five additional interrogatories on Defendants.

Plaintiff's Motion to Reconsider will be denied. The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Rule 54(b) allows district courts to revisit "any order or other decision . . . that adjudicates fewer than all the claims" in an action and to revise it at any point before the entry of judgment as justice requires. FED. R. CIV. PROC. 54(b); *see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at

1

the discretion of the district judge."). The denial of Plaintiff's Motion to Compel falls within the reach of Rule 54(b).

Motions to reconsider interlocutory orders under this rule "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal quotations and citations omitted). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations and citation omitted). Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration "rarely arise." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotations and citation omitted).

Plaintiff appears to request that this Court reconsider its denial of his motion to compel for the limited purpose of ordering Defendant Ahmed to answer four requests for admission concerning Defendant's personal medical history. However, just as Plaintiff's request to examine Defendant's personal medical records is not relevant to Plaintiff's deliberate indifference claims (*see* Doc. 71), these requests for admission are likewise irrelevant and will not reasonably lead to discoverable information. As the Court stated in its Order at Doc. 71:

> Plaintiff's deliberate indifference claims 'do not involve more complex questions concerning medical diagnosis and judgment.' As such, the question of whether Defendant Ahmed drew from his own medical history in exercising his medical judgment to diagnose and treat Plaintiff is

2

irrelevant to Plaintiff's deliberate indifference claims which focus on whether Defendant Ahmed knowing or recklessly disregarded Plaintiff's 'objectively serious' injuries.

(Doc. 71, at pp 4-5). Plaintiff's requests for admission directed to Defendant Ahmed are simply not relevant to Plaintiff's claims for deliberate indifference and will not reasonably lead to discoverable information. Plaintiff's Motion to Reconsider (Doc. 72) is **DENIED**.

Plaintiff's Motion for Request of Additional Interrogatories (Doc. 73) is **GRANTED**. Plaintiff may serve an additional five (5) interrogatories in this matter. However, Plaintiff is cautioned to avoid seeking any information from Defendants that this Court has already determined to be irrelevant or not reasonably calculated to lead to discoverable information. Further, this Order does not in any way limited Defendants ability to file timely objections to any interrogatories served.

**SO ORDERED.**

Dated: March 26, 2021

_____
DAVID W. DUGAN
United States District Judge