IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MUNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 18-cv-2216-DWD |
| | ) |
| FAIYAZ AHMED, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| and WARDEN OF LAWRENCE | ) |
| CORRECTIONAL CENTER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this matter, Plaintiff James Munson proceeds on two Eighth Amendment claims against Defendants Dr. Faiyaz Ahmed and Wexford Health Sources, Inc. related to his medical treatment while incarcerated at Lawrence Correctional Center (Doc. 1; Doc. 8). Following a screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, Plaintiff proceeds on the following counts:

> Count 1: Eighth Amendment claim against Defendant Ahmed for responding to Plaintiff's complaints regarding his testicular nodules, osteoarthritis, herniated disc, degenerative bone disease and related pain with deliberate indifference since 2017.
>
> Count 2: Eighth Amendment claim against Defendant Wexford for its routine denial of expensive diagnostic tests (MRI) and treatments (referrals), which have prolonged Plaintiff's pain and suffering unnecessarily.

(Doc. 8). Plaintiff seeks monetary damages, proper medical treatment and a "full-body" MRI (Doc. 8). Defendant Warden of Lawrence Correctional Center was also joined as a

1

defendant in his official capacity for the sole purpose of implementing any injunctive relief that may be ordered, but Plaintiff is not pursuing any individual claims against the Warden (Doc. 8; *see* Doc. 83-3, p. 181-82).

Now before the Court are five motions concerning discovery and expert testimony filed by the parties. Specifically, Plaintiff seeks an extension of time to complete discovery (Doc. 76) and moves for the entry of a protective order (Doc. 91). Defendant Wexford moves to bar the testimony of Plaintiff's potential experts (Doc. 81), and Defendant Ahmed filed a Motion to Strike Plaintiff's expert witness disclosure (Doc. 87), to which Defendant Wexford moves to join (Doc. 88).

### **Motion to Extend Discovery (Doc. 76) and Motions to Bar (Docs. 81, 87, 88)**

By Plaintiff's Motion to Extend Discovery (Doc. 76), Plaintiff requests to reopen discovery so he can attempt to retain two expert witnesses, Med Witness, Ltd. of Chicago, Illinois, and Dr. Thomas J. Pliura of LeRoy, Illinois. Plaintiff represents that he has contacted both witnesses but cannot afford their expert witness fees, so he asks for additional time to try and secure their representation on a pro-bono basis or raise the funds himself (Doc. 76). Plaintiff filed his motion on May 11, 2021, which was 6 days before the dispositive motion deadline, and 25 days *after* the final deadline this Court set for the end of discovery (*See* Doc. 71). The Court has previously issued orders concerning Plaintiff's alleged need for expert in this matter (*See* Doc. 70, 71, 74). Specifically, the Court has found that:

> the particular factual issues presented in this case do not demand expert medical testimony. The central issue presented by the Complaint is whether Dr. Ahmed exhibited deliberate indifference toward Mr. Munson and his

2

> conditions related to his pain. Given that the issues presented are narrowly tailored to a "deliberate indifference" claim, and do not involve more complex questions concerning medical diagnosis and judgment, expert testimony regarding the "proper standard of medical care" and whether a defendant negligently failed to meet the standard of care, is not relevant and, therefore, will not provide assistance to the trier of fact. Further, even without such expert testimony, a lay fact finder should be able to discern whether Mr. Munson's alleged pain, bleeding and weakness were "objectively serious" and whether a defendant had subjective knowledge of, and then disregarded, a substantial risk of serious harm.

(Doc. 70). Accordingly, Plaintiff's requests to have medical experts appointed for him and to have physical and mental examinations were denied (Doc. 70; Doc. 71).

Preliminarily, the Court notes that a party needing additional discovery is under an obligation to bring the issue before the court in an expeditious manner." *See Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058, n. 5 (7th Cir. 2000); *Yaodi Hu v. Park Nat. Bank*, 333 F. App'x 87, 90 (7th Cir. 2009). In this matter, Plaintiff has frequently brought discovery requests to this Court's attention (*see generally*, Docs. 31, 52, 53, 57, 59, 73). The Court set a final discovery deadline of April 16, 2021, in order for Plaintiff to have "one last opportunity" to resolve a discovery issue with Defendant Wexford and arrange for additional time to review discovery documents (Doc. 71). The Court further permitted Plaintiff to serve an additional 5 interrogatories on March 26, 2021 (Doc. 74). Nevertheless, Plaintiff waited until after the passing of the discovery deadline to ask for additional time to secure expert testimony. To the extent Plaintiff argues that these expert witnesses are crucial to his claims, his lack of diligence in waiting until after the discovery deadline passed to bring his request to the Court is to blame here, and the Court will consider this lack of diligence in reviewing the merits of Plaintiff's Motion. *See Grayson*

*v. O'Neill*, 308 F.3d 808 (7th Cir. 2002) ("Where a party's own lack of diligence is to blame for that party's failure to secure discoverable information, it is not an abuse of discretion to deny a motion for continuance to obtain further discovery before decision on summary judgment motion").

Defendants object to reopening the discovery deadline, and further seek to strike Plaintiff's expert disclosures of Med Witness, Ltd. and Thomas J. Pliura or to bar their testimony, because Plaintiff has not secured these witnesses or tendered a report to Defendants in accordance with Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(a)(2)(B) (a party's expert witness disclosure "must be accompanied by a written report – prepared and signed by the witness – if the witness is none retained or specially employed to provide expert testimony in the case"). Defendants further argue that Plaintiff has not shown good cause or excusable neglect for his waiting nearly 20-months to disclose these potential experts (Docs. 81, 87).[1]

Even if the Court were to excuse Plaintiff's late request in seeking to reopen discovery, Plaintiff has not articulated a sufficient reason to do so. The Court has ruled on multiple occasions that the particular issues presented in Plaintiff's case do not demand expert medical testimony. As such, reopening discovery to allow Plaintiff additional time to try and secure medical experts would be futile. Even if Plaintiff secured such experts, their testimony would not provide assistance to the trier of fact because Plaintiff's deliberate indifference claims do not involve more complex questions

---

[1] Defendant Wexford moves to join Defendant Ahmed's Motion to Strike and Response to Plaintiff's Motion for Extension of Discovery at Doc. 87. This Motion (Doc. 88) is **GRANTED**.

concerning medical diagnosis and judgment (Doc. 70).  Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 76) is therefore **DENIED**.

Moreover, because Plaintiff's expert disclosure (*See* Doc. 81-1) failed to comply with the requirements of Rule 26 and did not contain the necessary witness reports, Defendants' Motion to Bar Testimony (Doc. 81) and Motion to Strike Expert Disclosures (Doc. 87) are **GRANTED**.

## Motion for Protective Order (Doc. 91)

Finally, Plaintiff also seeks the entry of a protective order (Doc. 91) barring any public statements concerning a specific medical diagnosis and condition.[2]  Defendants jointly object to the issuance of a protective order barring information related to Plaintiff's health and medical condition arguing that Plaintiff has placed this information into the public domain for over 3 years, and that by filing this lawsuit, Plaintiff has placed his medical records and health at issue.  Nevertheless, Defendants acknowledge that they do not oppose the Court entering an order to seal certain filings to protect Plaintiff's sensitive medical information (Doc. 95).  The Court agrees with Defendants that Plaintiff has placed certain issues related to his health and medical condition into this dispute.  Therefore, at this time, the Court declines to issue a protective order barring *any* reference to Plaintiff's identified medical condition.  However, to the extent plausible, the Court finds good cause to seal the records and documents which contain explicit reference to Plaintiff's medical diagnosis as identified in his Motion at Doc. 91.

---

[2] The diagnosis is identified in Plaintiff's Motion at Doc. 91.

Accordingly, the Court **DENIES, in part**, Plaintiff's Motion for Entry of Protective Order (Doc. 91). Plaintiff's Motion (Doc. 91) and Reply (Doc. 97) referencing his specific medical diagnosis have accordingly been sealed. Should the parties identify any further documents which they believe should be sealed in accordance with this Order, the Parties are **DIRECTED** to contact the Court within 7 days of the entry of this Order identifying the documents they wish to seal for the Court's review, and the Court will issue such further instructions or orders as may be required.

## Disposition

For the above stated reasons, Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 76) is **DENIED**. Defendant Wexford's Motion to Join (Doc. 88) is **GRANTED**. Defendant Wexford's Motion to Bar Testimony (Doc. 81) and Defendants' Motion to Strike Expert Disclosures (Doc. 87) are **GRANTED**. Plaintiff's Motion for Entry of Protective Order (Doc. 91) is **DENIED, in part**. The parties are **DIRECTED** to contact the Court within 7 days of the entry of this Order if they chose to identify any further documents that should be sealed in accordance with the instructions detailed in this Order.

**SO ORDERED.**

Dated: March 11, 2022

_____
DAVID W. DUGAN
United States District Judge