IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MUNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-2216-DWD |
| ) | |
| FAIYAZ AHMED, ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| and WARDEN OF LAWRENCE ) | |
| CORRECTIONAL CENTER, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DUGAN, District Judge:**

Plaintiff James Munson is an inmate in the custody of the Illinois Department of Corrections. Plaintiff brought this 42 U.S.C. § 1983 action against Defendants Dr. Faiyaz Ahmed and Wexford Health Sources, Inc., alleging that they were deliberately indifferent to his serious medical needs while he was incarcerated at Lawrence Correctional Center (Doc. 8). Plaintiff also sought to obtain a "full-body" MRI, so the Warden of Lawrence Correctional Center was joined as a defendant to implement any injunctive relief if it was ordered. On March 11, 2022, this Court resolved multiple pending motions (Doc. 99) and granted summary judgment in Defendants' favor and against Plaintiff (Doc. 100). Judgment was entered in Defendants' favor the same day (Doc. 101).

Now before the Court is Plaintiff's Motion for Reconsideration (Doc. 102). Plaintiff asks the Court to reconsider its Orders at Doc. 99 and Doc. 100, and specifically the Court's decision granting summary judgment in Defendants' favor. Defendant Faiyaz

1

Ahmed filed a response in opposition to the Motion (Doc. 103), to which Defendants Wexford and Warden Brookhart join.[1]

The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. However, Rule 59(e) permits the Court to alter or amend judgments upon motion filed no later than 28 days after the date of entry.[2] The purpose of Rule 59(e) is to provide the district court with a means for correcting errors that may have "crept into the proceeding" while the district court still holds jurisdiction over the case. *See Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). A Rule 59(e) motion "is only proper when the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252–253 (7th Cir. 2015) (internal quotations and citation omitted).

Plaintiff argues that the Court should reconsider its decision granting summary judgment for at least four general reasons. First, Plaintiff complains that he was not appointed counsel, and states that he is not well-versed in the Federal Rules of Civil Procedure. Second, Plaintiff insists that the evidence he provided created material evidence so to proceed to trial. Plaintiff cites to the sworn affidavits and deposition testimony he provided, along with an affidavit from Dr. Ahmed. Third, Plaintiff argues that the Court should have afforded weight to certain personal facts concerning Dr.

---

[1] By Motion dated April 5, 2022, Defendant Wexford and Warden Brookhart moved to join Defendant Ahmed's Response in opposition at Doc. 103. This Motion (Doc. 104) is **GRANTED**.
[2] Plaintiff filed his Motion to Reconsider on March 31, 2022, and within the 28 days after the Court entered judgment in Defendants' favor on March 11, 2022.

Ahmed's medical history, including that Dr. Ahmed had a prior knee surgery and arthritis. To that end, Plaintiff argues that the Court should have given "a minimum amount of consideration" that Dr. Ahmed shared his medical history with Plaintiff in combination with Dr. Ahmed's statements that Plaintiff was getting "old" as a justification for not prescribing Plaintiff's preferred course of treatment. Finally, Plaintiff reiterates many of the same arguments he presented in opposition to the motions for summary judgment, including his chronic pain, Defendants' general refusal to recommend Plaintiff for an outside orthopedic specialist or MRI, and statements Plaintiff procured supporting his contention that Wexford had instructed its doctors to not make such referrals.

As there is no allegation of newly discovered or previously unavailable evidence, the Court considers whether there has been a manifest error of law or of fact that must be corrected. *Burritt*, 807 F.3d at 252–253. "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations and citation omitted). It is not, however, an invitation to "rehash" previously considered and rejected arguments. *Id.* Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration "rarely arise." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotations and citation omitted).

The Court finds that there is no manifest error of law or fact under the standard set forth under Rule 59(e). Plaintiff clearly takes issue with the Court's decision to grant

Defendants' motions for summary judgment against him. However, his motion provides no additional or new evidence that demonstrates that this Court's Memorandum and Orders contained a manifest error of fact or law. In fact, the undersigned thoroughly addressed Plaintiff's arguments in its March 11, 2022 orders. The Court did not overlook significant facts that would have changed the outcome of the case. The Court does not agree with Plaintiff's argument that the Court did not appropriately consider the evidence. Indeed, the Court considered the evidence submitted by Plaintiff in addition to Plaintiff's arguments concerning his contention that Dr. Ahmed had shared personal medical experiences with him, and that Wexford discouraged expensive testing and outside referrals. Ultimately, the Court found that those arguments did not create a material issue of fact to survive summary judgment.

Further, Plaintiff's claim of error resulting from the Court's refusal to appoint counsel for him does not create a reason to reconsider the Court's orders. Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys and must follow the same rules and procedures that licensed attorneys who practice in this court must follow. *See, e.g., McCurry v. Kenco Logistics Servs., LLC,* 942 F.3d 783, 787 n.2 (7th Cir. 2019). The undersigned previously found that Plaintiff was able to articulate clearly and effectively, and that his pleadings demonstrated Plaintiff's understanding of the law such that no exceptional circumstances merited the appointment of counsel (*See* Doc. 71). Plaintiff's motions and briefing related to the motions for summary judgment were no different. Indeed, Plaintiff's documents were concise and well-reasoned. He also provided relevant affidavits and evidence in support

4

of his arguments. The Court merely disagreed with Plaintiff's conclusions in applying the prevailing law to the undisputed material facts.

In sum, the Court remains convinced of the correctness of its decision. There has not been a wholesale disregard for, misapplication of, or failure to recognize precedent. Instead, this is an instance where the losing party is disappointed by the outcome. That alone is insufficient to warrant a reversal. Plaintiff's Motion for Reconsideration (Doc. 102) is therefore **DENIED**.

**SO ORDERED.**

Dated: April 14, 2022

_____
DAVID W. DUGAN
United States District Judge