## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES MUNSON,                           )
                                        )
            Plaintiff,                  )
                                        )
vs.                                     )          Case No. 18-cv-2216-DWD
                                        )
FAIYAZ AHMED,                           )
WEXFORD HEALTH SOURCES, INC.,           )
WARDEN OF LAWRENCE                      )
CORRECTIONAL CENTER,                    )
                                        )
            Defendants.                 )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is currently before the Court on Plaintiff James Munson's motion for leave to appeal *in forma pauperis* ("IFP") (Doc. 113) and supplement (Doc. 115).[1]

Plaintiff was permitted to proceed IFP in this Court on the underlying action (Doc. 6), and therefore, he may continue on appeal IFP without further authorization so long as his appeal is in good faith and his financial status has not changed. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3).  While the Court remains convinced that summary judgment was appropriate in this matter, the Court is unable to certify that this appeal is not taken in good faith.  Plaintiff further submitted a financial affidavit and a statement from his prison trust fund account that show his financial status has not

---

[1] On May 10, 2022, the Court directed Plaintiff to supplement his motion for leave to appeal IFP to include a statement of the issues Plaintiff intended to appeal in accordance with Fed. R. App. P. 24(a)(1).  Plaintiff submitted his supplement as a Motion to Supplement (Doc. 115).  Accordingly, the Court **GRANTS** the Motion to Supplement and has reviewed the supplement in considering Plaintiff's motion for leave.

changed, and he remains indigent (Doc. 113).  Accordingly, Plaintiff's motion to proceed on appeal IFP (Doc. 113) is **GRANTED**.

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of **$111.97.**  The agency having custody of Plaintiff is directed to forward the initial partial filing fee from Plaintiff's account to the Clerk of Court upon receipt of this Order.  Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account (including all deposits to the inmate account from any source) until the $505.00 appellate filing fee is paid in full.  The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $10 until the $505.00 filing fee is paid.

In addition, Plaintiff shall note that the filing fees for multiple cases accumulate. *See Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997)**,** *overruled by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000)**,** and *overruled by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)**,** and *overruled by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)**,** *overruled in part on other grounds by Lee*, 209 F.3d 1025; *Walker*, 216 F.3d 626.  A prisoner who files one suit must remit 20% of his monthly income to the Clerk of Court until his fees have been paid; a prisoner who files a second suit or an appeal must remit 40%; and so on. *Newlin*, 123 F.3d at 436.  "Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid." *Id.*

Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201.  The Clerk is **DIRECTED** to send a copy of this Order to the Trust Fund Officer at

2

Pinckneyville Correctional Center and the United States Court of Appeals for the Seventh Circuit.

**SO ORDERED.**

Dated:  May 26, 2022

/s *David W. Dugan*

_____
DAVID W. DUGAN
United States District Judge