IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MUNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-2216-DWD |
| ) | |
| FAIYAZ AHMED, ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| WARDEN OF LAWRENCE ) | |
| CORRECTIONAL CENTER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff James Munson, a prisoner at Pinckneyville Correctional Center, filed a Complaint alleging violations of his civil rights under the Eighth Amendment during his incarceration at Lawrence Correctional Center (Docs. 1, 8). The Court granted Defendants' Motions for Summary Judgment (Doc. 100). Plaintiff appealed (Doc. 106). On April 25, 2023, the Seventh Circuit affirmed the judgment (Doc. 121). That same day, the Seventh Circuit entered a Bill of Costs (Doc. 121-3) in favor of Defendants. The Bill of Costs issued in the amount of **$129.00**, representing the total cost for the reproduction of briefs (Doc. 121-3). Plaintiff was notified of the Bill of Costs on April 26, 2023 (Doc. 123).

On May 5, 2023, Plaintiff filed an Objection to the Bill of Costs in the District Court (Doc. 124). Prior to this Objection, but before the Seventh Circuit's Mandate issued, Plaintiff filed an Objection to Bill of Costs, dated April 24, 2023 (Doc. 119). The Court sent this prior objection to the Seventh Circuit because, at that time, Plaintiff's case was still

1

on appeal (Doc. 120). Although the Seventh Circuit issued its Bill of Costs (Doc. 121-3) the next day, it still reviewed Plaintiff's objections, and on May 2, 2023, the Seventh Circuit issued its order overruling those objections. *See* Appeals Docket 22-1675, Order at Doc. 45 (citing *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994) and 28 U.S.C. § 1915(f)(2), and emphasizing that a "litigant's indigence does not overcome the presumption that costs should be awarded to the prevailing party.").

Plaintiff's current Objection restates his indigency argument presented to the Seventh Circuit. However, in addition, Plaintiff also argues that he does not have the funds to pay the Bill of Costs as he currently has $27.00 in his inmate trust account (Doc. 124). He further argues that paying the Bill of Costs will prevent him from paying for an educational course and other expenses, including donating money to St. Jude's Children's Hospital. He also states that any stimulus money he may have received during the Covid-19 pandemic has been depleted. Defendants did not file a response to the Objection. However, a response is not required here because it is Plaintiff's burden to overcome the presumption in favor of paying costs. *See McGill*, 18 F.3d at 460. For the reasons detailed below, the Court finds no reason to depart from the Seventh Circuit's analysis in its May 2, 2023 Order, and to the extent Plaintiff's current motion raises new objections, those objections will be overruled.

Fed. R. Civ. P. 54(d)(1) provides: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule creates a presumption that the losing party will pay costs; however, the Court has the discretion to direct otherwise. *See Rivera*

*v. City of Chicago*, 469 F.3d 631 (7th Cir. 2006). Here, Plaintiff invokes the so-called indigency exception to Rule 54(d)(1), which requires the Court to perform a two-step analysis:

> First, the court must "make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future." *Richardson v. Chicago Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019) (internal quotation marks omitted) (quoting *Rivera*, 469 F.3d at 635). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (quoting *Rivera*, 469 F.3d at 635).
>
> "Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case .... No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs."

*Lange v. City of Oconto*, 28 F.4th 825, 846 (7th Cir. 2022).

At the first step, the Court must issue "a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Rivera*, 469 F.3d at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994)). To prove financial hardship, Plaintiff must provide the Court with sufficient documentation to support that threshold factual finding. *Id.; in accord Rossi v. City of Chicago*, 790 F.3d 729, 738 (7th Cir. 2015) ("The burden of proving financial hardship falls on the objecting party, who must provide the court with sufficient documentation."). The documentation "should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Rivera*, 469 F.3d at 635; *accord Rossi*, 790 F.3d at 738. This requirement ensures that the Court has "clear proof" of the losing party's "dire financial circumstances." *Rivera*, 469 F.3d at 635.

3

Here, although Plaintiff was previously found to be indigent, his "indigence does not automatically excuse [him] from paying the prevailing party's costs." *Rivera*, 469 F.3d at 635 (citing *Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730, 733–34 (7th Cir. 1999); *see also Richardson*, 926 F.3d at 893 (recognizing the indigence exception is not a blanket excuse against paying costs). Further, the Court cannot conclude that Plaintiff is unable to pay the $129 for the reproduction of briefs at this time ***or in the future***. *Lange,* 28 F.4th at 846. (emphasis added). Plaintiff provided the Court with his trust fund statement, and a few general statements concerning his educational expenses and charitable contributions, however, he has not provided such adequate documentation of his income, expenses, or assets to support a finding that he is unable to make the payment in the future. *See Id.* (quoting *Rivera*, 469 F.3d at 635 (holding that the district court abused its discretion in denying costs when plaintiff "did not provide the district court with a schedule of expenses and did not identify any basis for a finding that she will be incapable of paying [Defendant's] costs at some point in the future.")).

Accordingly, the Court **FINDS** Plaintiff has failed to overcome the presumption, contained in Rule 54(d)(1), that he must pay the **$129** in costs in this case. Further, although Plaintiff's Objection must be overruled at the first step, the Court also notes that there is no basis in the record to support a finding that these costs are in anyway unreasonable. *See, e.g.*, *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000) (taxing costs requires the costs assessed to be recoverable and reasonable); Fed. R. App. P. 39 (unless otherwise provided for, costs for copying briefs will be assessed against the

appellant if the a judgment is affirmed); 28 U.S.C. § 1920 (recoverable costs include fees for copies of papers necessarily obtained for use in the case).

For the foregoing reasons, Plaintiff's Objection to the Bill of Costs (Doc. 124) is **OVERRULED**. The Clerk of the Court is **DIRECTED** to tax costs against Plaintiff in the amount of **$129**.

**SO ORDERED.**

Dated: May 23, 2023

_____
DAVID W. DUGAN
United States District Judge